FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 3 2004

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PHILLIP WILSON                                         Plaintiff

3:04CV206 WRW

v.          CIVIL NO. _____

This case assigned to District Judge **Wilson**
and to Magistrate Judge **Ray**

WAL-MART STORES, INC.                                  Defendant

**COMPLAINT**

Comes now Phillip Wilson ("Wilson"), Plaintiff, and for his cause of action against Wal-Mart Stores, Inc. ("Wal-Mart"), Defendant, and states as follows:

I. Nature of the Action.

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Phillip Wilson who was adversely affected by such practices. Wilson was subjected to disparate terms and conditions of employment because of his religious beliefs and practices. Defendant denied reasonable accommodation to Wilson for his religious beliefs and practices, denied him employment benefits and opportunities, and threatened to discharge him as a direct result of his refusal to work on Sunday, his day of worship.

II. Jurisdiction and Venue.

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 701(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Jonesboro Division.

### III. Parties.

3. Wilson has been granted his Right to Sue by the Equal Employment Opportunity Commission ("the Commission"), which is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to grant the right to sue by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-(5)(1) and (3). See the Right to Sue letter attached and incorporated as Exhibit A.

4. At all relevant times, Defendant, Wal-Mart has continuously been doing business in the State of Arkansas and the City of Paragould, and has continuously had at least 15 employees.

5. At all relevant times, Wal-Mart has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

### IV. Facts.

6. More than thirty days prior to the institution of this lawsuit, Wilson filed a charge with the Commission alleging that Defendant Employer engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled. The Commission determined that there is reasonable cause to believe that Wilson has been

2

denied employment benefits because of his religious beliefs and that he was retaliated against for filing a charge of discrimination. See the Determination attached and incorporated as Exhibit B.

7. Phillip Wilson, an employee of Wal-Mart belongs to the General Baptist denomination of the Christian faith. At all times relevant to this lawsuit, and with Defendant's knowledge, he has held a sincere religious belief that working on Sunday is prohibited because Sunday is designated for rest and worship. In order to practice his religion, Wilson attended church services and taught a Sunday School class. Working on Sunday is contrary to his religious beliefs as set forth in the Ten Commandments of the Bible.

8. Since at least May of 1999, Wal-Mart engaged in unlawful employment practices at its Paragould, Arkansas facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The unlawful employment practices include:

    a. Denying Wilson the opportunity to participate in the "Rising Star" program and receive the benefits of that program because of his religious beliefs;

    b. Threatening Wilson with termination and otherwise creating a hostile work environment for Wilson because of his religious beliefs;

    c. Retaliating against Wilson and threatening his termination in response to his complaints about religious discrimination and for his filing a charge of discrimination;

    d. Refusing to provide reasonable accommodation of Phillip Wilson's religious beliefs and practices;

  e.  Maintaining and enforcing a policy that discriminates against those employees with sincere religious beliefs who cannot work on Sundays, thereby discriminating on the basis of religious beliefs and practices.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Phillip Wilson of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religious beliefs and practices.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Phillip Wilson because of his religious beliefs and practices.

## V. Prayer for Relief.

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Wal-Mart, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating on the basis of religious belief in the terms and conditions of employment, from denying reasonable accommodation to employees' religious beliefs and practices, from discharging employees or threatening to discharge employees because of their religious beliefs or as a result of denying otherwise reasonable accommodation of their beliefs, and from engaging in any other employment practice which discriminates on the basis of religious beliefs and practices.

B. Order Wal-Mart to amend and implement policies, practices, and programs that provide equal employment opportunities for all employees with sincere religious beliefs,

regardless of church membership or affiliations and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Wal-Mart to make whole Phillip Wilson, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and all other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, expungement of negative personnel records, rightful-place seniority, restoration of accrued leave and restoration of all benefits, or the value thereof, to which Phillip Wilson would have been entitled from the date of his unlawful treatment to the present.

    D.    Order Wal-Mart to make whole Phillip Wilson by providing compensation for past pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

    E.    Order Wal-Mart to make whole Phillip Wilson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain and suffering, humiliation and inconvenience, in amounts to be determined at trial.

    F.    Order Wal-Mart to pay Phillip Wilson punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Plaintiff attorneys' fees and costs of this action.

## VI. Jury Demand.

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

PHILLIP WILSON

By: _____
Stephen Lisle, Ar Bar # 94103
Lisle Law Firm, P.A.
1458 Plaza Place Suite 101
Springdale, AR  72764
(479) 750-4444
(479) 751-6792 (fax)

By: _____
Ms. Angela Gray, Ar # 95225
Goodwin, Moore, Broadaway, Gray
& Langley, LLC
1201 W. Court Street
P. O. Box 726
Paragould, AR  72451
(870) 239-2225
(870) 239-2780 (fax)

6- 4-04; 1:37PM;GMBGI ;1 870 2392780 # 2/ 6
4-12-04; 1:44PM;LI Law Firm, PA ;479+751+6792 # 9/ 10
Apr 07 04 10:03a Jim D Wilson CPA (870)236-6905 P.4

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To: Phillip Wilson<br>2506 S. Roking Chair Road<br>Paragould, AR 72450 | From: Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 251-2003-00387 | Pamela Dixon,<br>Trial Attorney | (501) 324-5065 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kay Klugh/VP*

Enclosure(s)   **Kay Klugh,**
**Director**

MAR 0 9 2004
*(Date Mailed)*

cc:  L. Mecole Brown                     Kristine G. Baker, Attorney
     Assistant General Counsel           Quattlebaum, Grooms, Tull & Burrow
     WAL-MART LEGAL DEPARTMENT           111 Center Street, Suite 1900
     Corporate Offices                   Little Rock, AR 72201
     702 S.W. 8th Street
     Bentonville, AR 72716

**PLAINTIFF'S EXHIBIT "A"**

orm 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 251-2003-03085 |

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Philip Wilson | (870) 239-8139 | 02-07-1964 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2506 S Rocking Chair Road | Paragould, AR 72450 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WAL MART STORES | 500 or More | (870) 236-7785 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2802 Westkingshighway | Paragould, AR 72450 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-14-2003    Latest: 08-28-2003
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On December 12, 2002, I filed Charge Number 251-2003-00387 with EEOC. On August 14, 2003, myself and another employee, who does not work Sundays because of his religion, were told that effective November 15, 2003, it is a requirement that we work on Sundays. We were given a two-week deadline to make decisions.

The District Manager and Regional Manager indicated that the Sunday work requirement was based on increased competition and the retirement of the relief pharmacist.

I believe I am being discriminated against because of my religion (General Baptist) and in retaliation for filing a previous charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED SEP 10 2003

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Sep 10, 2003
Date            Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

PLAINTIFF'S EXHIBIT "B"

6- 4-04; 1:37PM;GMBGL                                      ;1   870   2392780      # 4/ 6
    4-12-04; 1:44PM;LIS     aw Firm, PA                    ;479+751+6792          # 5/ 10
Apr 07 04 10:00a      J...m  D Wilson CPA      (870)2?6-6905              p.1

Jim Weidman
807 Roselee
Paragould, AR 72450

August 14, 1999

Mr. Dwayne LunBeck
811 Minitre
Jonesboro, AR 72401

Dear Dwayne:

About three months ago you presented me with the news of the forthcoming addition of Sunday hours for the operation of the pharmacy. At that time I made you aware of my deeply-felt position on this matter. Since that time I have wrestled with this daily, many times during each day. The problem I have had has been because I have been trying to decide if I can compromise my convictions and work Sunday schedules. I have included this in my daily prayers, and I know that others have been praying for me.

I teach a Sunday School class and participate in the choir at the 11:00 o'clock service, as I have done for several years. This is a major part of my life. Very recently our class studied the Ten Commandments again and I believe there is a direct conflict between these teaching and Sunday work.

When I went to work for Wal-Mart thirteen years ago( thirteen years ago today, as a matter of fact) Sunday work was no problem. I was hired at a base work time of 45 hours per week, no nights or Sundays, and six holidays. Had Sunday work been a consideration at that time I could have made my decision then. Now it has been dumped on me.

I find that, because of my religious convictions, I cannot be responsible for Sunday hours. I have always responded to emergency prescriptions on Sunday. As during the past thirteen hears I am available Monday through Saturday and during those emergency prescription situations as they arise.

During our normal work schedule rotation, the weekend of August 14th is my turn, although I had changed shifts with Shelly and would not have worked Sunday until August 22nd. However this change was cancelled. I will work Sunday August 15th because this is short notice of my decision not to work Sundays. I had not raised the issue recently because of Phil's mother's recent illness and death and I had no desire to create any more pressures at that time. My plan is to continue my career at Wal-Mart.

I wanted you to have my thoughts written.

Sincerely,

Ex 20:8-11

in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail

6- 4-04; 1:37PM;GMBGL                                        ;1  870  2392780      # 5/ 6
4-12-04; 1:44PM;LIS!   )W Firm, PA              ;479+751+6792      # 6/ 10
Apr 07 04 10:02a        ~r  q D Wilson CPA      (87~\236-6905     p.1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Little Rock Area Office

820 Louisiana, Suite 200
Little Rock, AR 72201
(501) 324-5060
TTY (501) 324-5481
FAX (501) 324-5991

Charge Numbers: 251-2003-00387 and
251-2003-03085

Phillip Wilson
2506 S. Rocking Chair Road          Charging Party
Paragould, AR 72450

Wal Mart Stores
702 SW 8th Street                   Respondent
Bentonville, AR 72712

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination on the merits of these charges.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

In charge number 251-2003-00387, Charging Party alleged that he was denied entry into the "Rising Star" program and promotion because of his sincerely held religious belief that it is wrong to work on Sunday. There is reasonable cause to believe that Charging Party was denied entry into the "Rising Star" program and promotion because of his religious beliefs.

In charge number 251-2003-03085, Charging Party alleged that he was informed that effective November 15, 2003, he would be required to work on Sunday, in retaliation for filing the previous charge of discrimination. Charging Party also alleged that another employee, who has a sincerely held religious belief that it is wrong to work on Sunday, was informed that he, too, would be required to work on Sunday. There is reasonable cause to believe that Charging Party was retaliated against because of his previous charge of discrimination. There is also reasonable cause to belief that Jim Weidman, a class member, has been discriminated against by being told he would be required to work on Sunday.

The evidence shows that Charging Party has been employed since March 1991. He has a sincerely held religious belief that he should not work on Sundays. In 1999, the pharmacy in the store where he works started opening on Sunday. Charging Party advised both his District Manager and Regional Manager about his religious conviction.

6- 4-04; 1:37PM;GMBGL
4-12-04; 1:44PM;L.s      aw Firm, PA                    ;1   870   2392780   # 6/ 6
Apr 07 04 10:02a       D Wilson CPA      ;479+751+6792              # 7/ 10
                                         (870 236-6905              P.2

**Determination**
251-2003-00387 and 251-2003-03085
Page 2

Charging Party expressed his interest in the "Rising Star" program. When Charging Party questioned why he had not been recommended for this promotional program he was told it was because he had not asked. In addition, Respondent determined that Charging Party lacked efficient communication skills and displayed a stubborn attitude when working with others.

The evidence further indicates that Respondent failed to show that Charging Party's lack of communication skills was the reason for his being denied promotion. Charging Party met and surpassed the criteria for the "Rising Star" program consistently. Charging Party's employment history does reflect an above average rating in communication. He has an overall rating above 3.5 in his evaluations, which is a requirement for the program.

On August 14, 2003, Charging Party and staff pharmacist Jim Wiedman were told by District Manager Jeremy Jackson and Regional Manager Robert Acord they would be required to work extended hours and Sundays because the relief pharmacist was retiring and because of competition moving into that area. Neither Charging Party or Jim Wiedman work on Sundays because of their religious convictions.

Further evidence indicates that the relief pharmacist is not retiring but going to a part-time basis and will continue to cover Sundays at the Paragould Wal Mart.

Title VII requires that, if the Commission determines that there is reasonable cause to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined that there is reasonable cause to believe that a violation has occurred, the Commission now invites Respondent and Charging Party to join with it in a collective effort toward a just resolution of these matters.

Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with the statute and Section 1601.26 of the Commission's procedural regulations. If the Respondent declines to enter into conciliation discussions, or the Commission's representative for any other reason is unable to secure an agreement acceptable to the Commission, I will so inform the parties in writing of the court enforcement alternative available to Charging Party and the Commission.

On Behalf of the Commission

SEP 2 6 2003
_____                          _____
Date                                 Katharine Kores
                                     Acting District Director

cc:   Kris Baker, Attorney

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
<u>JONESBORO</u> DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 3 2004

JAMES W. McCORMACK, CLERK
By: _____
                              DEP CLERK

PHILLIP WILSON                                         PLAINTIFF
_____
(List first one named in the complaint)

V.                    Case No. 3:04CV 206 WRW

WAL-MART STORES, INC.                                  DEFENDANT
_____
(List first one named in the complaint)

### CERTIFICATE OF PARTY*

On this __2__ day of __June__, 20__04__, I __Phillip Wilson__, being a party to this civil litigation, certify that I have received a copy of the publication entitled <u>Your Day in Court: The Federal Court Experience</u>, and have read or have had read to me Sections Two, Three, Four, Six and Seven thereof, the addendum On Alternative Dispute Resolution found on pages 25 and 26, and also that part of Rule 11 that is quoted on page 27, and I further certify that I understand the requirements imposed upon me as a party to this civil case.[1]

If I have an attorney, I understand that I should discuss with him or her any questions I may have as to our respective duties and responsibilities during the pendency of this case. If I represent myself, <u>pro se</u>, I understand that I should contact the Clerk's Office if I have any such questions.

Dated: __6/2/04__

_____
CLIENT

---

*NOTE: This certificate must be filed with the papers in this case within 20 days of the time a person, corporation or other organization becomes a party to any civil action in this federal district court. If the party is not an individual, then this certificate must be signed by the officer or agent of the corporation or other association who has the authority to oversee this litigation and make binding decisions on behalf of said party. If the party is an infant or otherwise incompetent, this certificate must be signed by a person having the legal authority to speak for, and to make decisions on behalf of, the incompetent party with respect to this litigation.

---

[1] Parties can be excused from completing this certificate in all future actions brought before this court by completing an Omnibus Certificate of Party form and submitting it to the Clerk's Office. This form is available on our web site at www.ared.uscourts.gov under Court Forms.